UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTHONY REID,

                    Plaintiff,

   -against-

THE CITY OF NEW YORK,
POLICE OFFICER JASON LATREMORE (SHIELD 14614),
SERGEANT DAVID JONES, AND
POLICE OFFICER MATTHEW GRADY,

                    Defendants.
------------------------------------------------------------------------X

**18 CV 284 (NG)(SMG)**

**FIRST AMENDED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, ANTHONY REID, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, ANTHONY REID, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER JASON LATREMORE (SHIELD 14614), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Latremore is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Latremore was assigned to the 77th Precinct of the NYPD.

10. At all times hereinafter mentioned, the individually named defendant, POLICE SERGEANT DAVID JONES, was a duly sworn member of said department and was acting under the

2

supervision of said department and according to his official duties. Defendant Jones is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Jones was assigned to the 77th Precinct of the NYPD.

11. At all times hereinafter mentioned, the individually named defendant, POLICE OFFICER MATTHEW GRADY, was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. Defendant Grady is sued herein in his official and individual capacities. At all times hereinafter mentioned, Defendant Grady was assigned to the 77th Precinct of the NYPD.

12. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

15. On June 11, 2015, at approximately 10:00 p.m., Plaintiff ANTHONY REID was lawfully present inside of a stationhouse of the 77th NYPD Precinct, located at 127 Utica Avenue, County of Kings, City and State of New York.

16. Plaintiff was present at the location because he was attempting to file a police report about another member of the NYPD.

17. The individual Defendants, Officer Latremore, Sergeant Jones, and Officer Grady were

present inside of the stationhouse at this time.

18. Plaintiff attempted to file his Complaint with the Defendants, and they refused to take the Complaint.

19. In response to Plaintiff's insistence that the Defendants take his Complaint, the Defendants assaulted the Plaintiff by striking Plaintiff with their fists in Plaintiffs head, arms, and body.

20. Plaintiff was not engaged in any suspicious or illegal activity.

21. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants placed Plaintiff in handcuffs.

22. Without any legal basis or justification for doing so, the Defendants searched Plaintiff.

23. The search did not yield evidence of any guns, drugs, or any other illegal activity.

24. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, the Defendants formally arrested Plaintiff.

25. At no time on June 11, 2015, did Plaintiff commit any crime or violation of law.

26. At no time on June 11, 2015, did Defendants possess probable cause to arrest Plaintiff or to order Plaintiff's arrest.

27. At no time on June 11, 2015, did Defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest Plaintiff.

28. Nevertheless, Defendants thereafter detained Plaintiff at that stationhouse of the 77th precinct.

29. Plaintiff was held for several hours at the stationhouse before he was transported to Kings County Central Booking where he was held for several additional hours before he was arraigned on a criminal complaint containing false allegations provided by the Defendants.

30. Specifically, Defendant Latremore provided false statements to the Kings County District Attorney's office and swore to false allegations that Plaintiff committed the offenses of

resisting arrest, obstructing governmental administration, and disorderly conduct.

31. Further, Defendant Latremore provided false allegations that Defendant Jones attempted to assist Plaintiff in filing his police report, but that Plaintiff screamed and yelled at Defendant Jones and that he shoved both Defendants.

32. These allegations were false and the Defendants knew they were false when Defendant Latremore made them.

33. The Defendants provided knowingly false and misleading information to prosecutors at the Kings County District Attorney's Office.

34. As a direct result of that false and knowingly misleading information, Plaintiff was falsely charged with the above crimes.

35. Plaintiff was eventually released from custody but was given a future court date to return.

36. As a direct result of the Defendants' actions, Plaintiff was required to make several court appearances.

37. Despite Defendants' unconstitutional actions, all charges against Plaintiff were dismissed in their entirety on September 23, 2015 when Plaintiff acceded to an adjournment in contemplation of dismissal.

38. As a result of the foregoing, Plaintiff ANTHONY REID sustained, *inter alia*, deprivation of his constitutional rights.

39. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

40. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C.

Section 1983.

41. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF FOR
### FALSE ARREST UNDER 42 U.S.C. § 1983

44. Plaintiff ANTHONY REID repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

46. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was falsely arrested without probable cause.

### SECOND CLAIM FOR RELIEF FOR
### DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

47. Plaintiff ANTHONY REID repeats, reiterates, and realleges each and every allegation set

forth above with the same force and effect as if fully set forth herein and at length.

48. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

49. As a result, Plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

50. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was detained and falsely arrested and suffered a loss of liberty as a result of the Defendants' fabricated allegations.

### THIRD CAUSE OF ACTION
### EXCESSIVE FORCE
### PURSUANT TO 42 U.S.C. SECTION 1983

51. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. At no time did Defendants have any legal basis for subjecting Plaintiff to any level of force, much less the force actually used against him.

53. By so doing, the individual defendants subjected Plaintiff to excessive force and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

54. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional and physical injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

55. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56. Defendants arrested, searched, and incarcerated plaintiff ANTHONY REID, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize Plaintiff's liberty, well-being, safety, and violate their constitutional rights.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

58. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

59. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

60. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct.

61. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, ANTHONY REID.

62. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was placed under arrest unlawfully.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

66. Defendants, collectively and individually, while acting under color of state law, acquiesced in

a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

67. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
May 30, 2018

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

/s/
By:   JESSICA MASSIMI (JM-2920)
32 Old Slip, 8th Floor
New York, New York 10005
(212) 962-1020

10